IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON ANTHONY FLEMONS                                              PETITIONER

VS.                          CASE NO. 5:18CV00220 BRW/PSH

WENDY KELLEY, Director,
Arkansas Department of Correction (ADC)                            RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Aaron Anthony Flemons (Flemons"), in the custody of the Arkansas Department of Correction (ADC), brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the manner in which his sentence is being executed, alleging that he was wrongfully convicted of a disciplinary infraction at the ADC's East Arkansas Regional Max Unit.

The pertinent facts are largely undisputed. On January 12, 2018, Flemons was convicted of disciplinary infractions for failing to obey verbal and/or written orders of staff and for indecent exposure. Flemons alleges he requested three inmates and the video camera footage as evidence at the disciplinary hearing. Flemons contends he was denied due process by ADC employees Keith Waddle, Glenda Bolden, and Daryl Morris. Flemons was convicted of the disciplinary charges and

sentenced to reduction to class 4, 30 days punitive isolation, 60 days loss of commissary, phone, and visitation privileges, and loss of his personal property. Flemons' appeal of the disciplinary convictions was unsuccessful. Flemons contends his disciplinary convictions were obtained in violation of his due process rights and his right to be free from cruel and unusual punishment.

Respondent Wendy Kelley ("Kelley") contends this petition should be dismissed for failure to state a cognizable claim. There is merit in this argument, and we recommend that the petition be dismissed and the relief requested be denied.

**Analysis:**

Traditionally, federal habeas corpus actions are brought to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Habeas corpus actions are contrasted with civil rights complaints brought under 42 U.S.C. § 1983, which are available to challenge the conditions of prison life but not the fact or length of imprisonment. *Id. at 499.* Here, it is conceded that the prison disciplinary determination resulted in reduction to class 4, 30 days punitive isolation, 60 days loss of commissary, phone, and visitation privileges, and loss of his personal property, but there was no loss of good-time credits. Since there was no loss of good-time credits, the prison disciplinary sentence had no effect on the term of incarceration and a prisoner challenging the decision "raise[s] no claim on which habeas relief could have been granted. . ." *Muhammad v. Close*, 540 U.S. 749, at 754-55. The Eighth Circuit Court of Appeals, in *Spencer v. Haynes,* 774 F.3d 467, 469-470 (8th Cir. 2014), guides us in this instance: "As we stated in *Kruger v. Erickson,* '[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.' 77 F.3d 1071, 1073 (8th Cir.1996) (per curiam) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973))." See *also Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th Cir. 2002) (habeas claims regarding prison mail and segregation were improperly brought pursuant to § 2254 because there was no allegation that the petitioner's sentence was illegally extended). Since Flemons' allegations are deficient, this Court is without subject matter jurisdiction, and the case should be dismissed.

**Conclusion:**

In summary, the sanctions imposed by the ADC disciplinary committee did not include a loss of accrued good-time credits. There is no allegation or showing that success on his claims would result in any change in the duration of his confinement in the ADC. As a result, the claims would more appropriately be brought in a § 1983 civil rights action rather than in a habeas corpus proceeding. Whether couched as a failure to state a cognizable claim or a lack of jurisdiction, the result is the same. We recommend Flemons' case be dismissed and the relief requested be denied.[1]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 12th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Kelley offers other arguments as alternative bases for dismissing the case. Specifically, Kelley contends Flemons' claims are procedurally barred from our consideration, they do not implicate a constitutionally protected liberty interest, and that no due process violation occurred. We need not consider these arguments, as the Court does not have subject matter jurisdiction over the claims contained in Flemons' habeas corpus petition.